IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.   24-2900 |
| | : | |
| **LEHIGH COUNTY PRISON,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**MURPHY, J.**                                                                                                            **July 22, 2024**

Lindell Moore, a regular litigant in this Court, has filed a new civil action asserting constitutional violations against Lehigh County Prison ("LCP"), LCP Warden Kyle Russell, Deputy Warden Robert McFadden, and Counselor Jose.  Mr. Moore previously brought the same claims against these Defendants, which was dismissed with prejudice.  *See Moore v. Russell*, No. 23-1900 ("*Moore I*").  Mr. Moore also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mr. Moore leave to proceed *in forma pauperis* and dismiss the case.

**I.       PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[1]

In *Moore I*, Mr. Moore filed a complaint under 42 U.S.C. § 1983 in which he claimed that he was wrongfully incarcerated in ("LCP") in May 2023 for violating a Protection From Abuse ("PFA") order.  He sued two police officers, Dakota Martin and Merveille Mvindu, who obtained warrants for his arrest for the violation, Counselor Jose and another LCP counselor who

---

[1] Unless otherwise stated, the factual allegations set forth in this Memorandum are taken from Mr. Moore's Complaint in the new civil action (No. 24-2754, DI 2).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

allegedly ignored his complaints of wrongful incarceration, and Russell and McFadden. The court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed it in its entirety because Mr. Moore failed to (1) assert a plausible claim against either counselor, (2) allege facts showing that the arrest warrants were not supported by probable cause, and (3) allege facts showing how Russell and McFadden were personally involved in any possible constitutional violation. *See Moore v. Russell*, No. 23-1900, 2023 WL 5517568, at *1 (E.D. Pa. Aug. 25, 2023).[2] The Court dismissed without prejudice all claims against the Defendants, save for one exception not relevant here, and Mr. Moore was given leave to amend should he be able to correct the deficiencies the Court identified regarding the claims dismissed without prejudice. *Id.* Mr. Moore's Amended Complaint failed to cure any of the defects the Court had identified, and *Moore I* was dismissed with prejudice in a Memorandum and Order on August 25, 2023. *Id.*, at *6.

In his new case, Mr. Moore asserts that on May 4, 2023, while he was in court for a custody hearing, he was arrested for violating a PFA order and sent to LCP in lieu of $50,000 bail. DI 2 at 3. On May 11, the criminal complaint was apparently dismissed by the judge because the "'victim' of said violation, by the Judges' order, was never included on such document." *Id*. Mr. Moore asserts that his wife delivered "an official document of such order to

---

[2] Specifically, Mr. Moore asserted that he was arrested on a warrant while he was attending a trial in the Lehigh County Courthouse on May 4, 2023 and transported to LCP and processed. On May 8, 2023, Mr. Moore sent a request to Counselor Jose to inform him that he was being held illegally and to request his immediate release. Later that day, Counselor Jose responded to Mr. Moore's request by stating that he was being held on two counts of PFA violations. The following day, Mr. Moore's wife delivered documents to prove his innocence to Counselor Jose, but he failed to act. Mr. Moore claimed that on May 11, 2023, he was released from custody following a dismissal. *See Moore v. Russell*, 2023 WL 5517568, at *1-2.

[Counselor Jose] within 3 days of [his] incarceration, to document was ignored completely by the parties described as defendants in this suit." *Id*. Mr. Moore seeks money damages. *Id*. at 4.

## II.     STANDARD OF REVIEW

The Court grants Mr. Moore leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Moore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The Court understands Mr. Moore to raise constitutional claims against the Defendants. His claims cannot proceed. *Moore I*, in which he named most of the same Defendants and

alleged the same set of facts, was dismissed with prejudice.  His attempt to reassert claims against based on his detention at LCP is now barred by the doctrine of claim preclusion.

"Claim preclusion — which some courts and commentators also call *res judicata* — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32.  "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per*

*curiam*). "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [and the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez*, 202 F. App'x at 584 (observing that "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

It is clear from the face of his new Complaint that Mr. Moore seeks to name the same parties[3] and assert the same cause of action based on his detention at LCP that was dismissed with prejudice in *Moore I*. Thus, all three elements of claim preclusion are present and Mr. Moore may not proceed with his new case. Because the new case is premised on the same underlying events, and since amendment would be futile, the case must be dismissed with prejudice. An appropriate order will be filed separately. *See* Federal Rule of Civil Procedure 58(a).[4]

---

[3] In the present case, Mr. Moore appears to add the Lehigh County Prison as a defendant. The remainder of the defendants in this case — Kyle Russell, Robert McFadden, and Counselor Jose — were named in the previous lawsuit. The addition of a new defendant does not change our conclusion. *See Sheridan*, 609 F.3d at 261 (noting that additional parties in a subsequent lawsuit did not change that the defendant had met the "same parties" requirement).

[4] Should Mr. Moore persist in filing new cases based on his detention at LCP involving this incident, the Court may consider imposing a prefiling injunction.